# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| APEX MORTGAGE CORPORATION, ) | |
| ) | No. 17 C 3376 |
| Plaintiff, ) | |
| ) | Judge Virginia M. Kendall |
| v. ) | |
| ) | Magistrate Judge M. David Weisman |
| GREAT NORTHERN INSURANCE ) | |
| COMPANY and FEDERAL ) | |
| INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff and third party Cozen O'Connor ("Cozen") seek a Federal Rule of Civil Procedure ("Rule") 26(c) protective order barring defendants from obtaining documents pursuant to their subpoena to Cozen. Judge Kendall referred the motion to this Court for resolution. For the reasons set forth below, the Court construes the motion as a motion to quash and grants it.

## Background

Plaintiff is the mortgagee of the property located at 1738-44 E. 75th Street in Chicago. Great Northern issued a $1 million insurance policy and Federal issued a $15 million insurance policy to plaintiff covering third-party claims for bodily injury or death arising out of an accident on property within plaintiff's care, custody or control. During the policy period, two firefighters were killed during fire suppression activities at the 75th Street property, and their estates sued plaintiff for negligence. Defendants assigned their house counsel to represent plaintiff in the suits but, when defendants said they might disclaim coverage, a conflict arose between insured

and insurer, forcing defendant's counsel to withdraw from representing plaintiff. Plaintiff then hired Cozen, at defendants' expense, to represent plaintiff in the suits. Subsequently, the parties engaged in settlement negotiations, but defendants refused to participate. Plaintiff contends that the refusal violated the insurance policies and filed suit in federal court in Pennsylvania for, among other things, breach of contract. The case was later transferred to this district and assigned to Judge Kendall.

## Discussion

Rule 26(c) permits the Court "for good cause" to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). What the movants here actually seek, however, is to have Cozen excused from complying with the subpoena on the grounds of relevance or privilege, *i.e.*, to quash the subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A)(iii), (iv) ("[T]he court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . or . . . subjects a person to undue burden."). Accordingly, the Court construes the motion as a Rule 45 motion to quash the subpoena to Cozen.[1]

The subpoena directs Cozen to produce:

> [A]ll documents, electronically stored information, and objects related to the [underlying law suits]. Such documents, electronically stored information, and objects shall include, but not be limited to, the following: (a) all files maintained by Cozen O'Connor and any of its attorneys or employees concerning the Lawsuits; (b) all communications concerning the Lawsuits; (c) all pleadings, discovery, transcripts, motions, notices, or other documents generated in

---

[1] Though the subpoena is not addressed to plaintiff, plaintiff's assertion of privilege gives it standing to move to quash. *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) ("A party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests.").

connection with the Lawsuits; and (d) all other documents, electronically stored information, or objects that otherwise relate to the Lawsuits.

(Apex Mot. Protective Order, Ex. A, Subpoena Rider, ECF 43-1.)

Movants first argue that the subpoena should be quashed because information responsive to it is irrelevant to this case. The gravamen of this case is that defendants[2] breached the insurance policies when they disclaimed coverage and refused to negotiate or offer money to settle the underlying lawsuits. Defendants made that decision in January 2017 based on the information they had at the time. Because defendants did not have any information from Cozen at that time, plaintiff argues, such information has no relevance to plaintiff's claims.

Defendants argue that the Cozen documents "may lead to admissible evidence in this action where [plaintiff] has placed a broad range of facts at issue in its 10-count complaint that include allegations of estoppel, fraud, bad faith, unjust enrichment, waiver, and breach of contract." (Resp. Mot. Prot. Order, ECF 53 at 13.) That may be true, but it is no longer how the scope of discovery is defined. Rather, Rule 26(b)(1) makes discoverable "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Defendants have not made a showing that the Cozen information is discoverable under this standard.

Even if they had, the Court would still be required to quash the subpoena if the material it seeks is privileged. Because this case was transferred here from federal district court in Pennsylvania, the Court is "obligated to apply the state law that would have been applied if there

---

[2] At some point, it is not clear when, Great Northern paid its $1 million policy limit to settle the underlying suits. However, plaintiff still asserts claims against both insurers.

3

had been no change of venue." *Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). A Pennsylvania federal court would apply Pennsylvania's choice-of-law rules. *Auto-Owners Ins. Co. v. Websolv Computing, Inc.*, 580 F.3d 543, 547 (7th Cir. 2009) ("When a federal court hears a case in diversity . . . , it applies the choice-of-law rules of the forum state to determine which state's substantive law applies.") (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)).

Defendants argue that the privilege law of Illinois should apply as the discovery dispute arises in an Illinois federal court. (Resp. Mot. Prot. Order, ECF 53 at 4.) Defendants cite to cases that have addressed various scenarios where a conflict of law exists as to attorney-client privilege issues. However, in none of these cases was the court required to consider the dictates of 28 U.S.C. § 1404, which, based on *Van Dusen*, compels the transferee district court (Northern District of Illinois) to apply the law of the transferor court (Eastern District of Pennsylvania). Thus, the reasoning of *Urban Outfitters, Inc. v. DPIC Companies, Inc.*, 203 F.R.D. 376, 379 (N.D. Ill. 2001) does not apply as the court was resolving a discovery dispute stemming from litigation in another federal court, not a case transferred pursuant to § 1404(a). Similarly, *CSX Transportation v. Lexington Insurance*, 187 F.R.D. 555 (N.D. Ill. 1999) is also unavailing as the district court applied Illinois choice-of-law analysis as the suit was initiated in Illinois, and Illinois, therefore, was the forum state. Finally, defendants' reliance on *Roberts v. Carrier Corp.*, 107 F.R.D. 678, 685 (N.D. Ind. 1985) also is misplaced. Roberts involved reconciling which state's law applied to discovery efforts brought pursuant to Federal Rule of Civil Procedure 37(a) -- the privilege law of the state where the substantive litigation is occurring, or the privilege law of the state where compliance with a subpoena is being sought. While these cases tangentially touch on the issue presented here, defendants' cases are not controlling or

substantively informative. In the instant case, based on well-settled law, this Court must look to Pennsylvania law for choice-of-law purposes. *Van Dusen*, 376 U.S. at 639.

The first step in the Pennsylvania choice-of-law analysis is to determine whether the laws of the two states actually conflict.[3] *Thibodeau v. Comcast Corp.*, 912 A.2d 874, 886 (Pa. Super. Ct. 2006). "If the laws do not differ, then a true conflict is not present . . . and [the court] appl[ies] Pennsylvania law." *Id.*

In this case, there is a conflict between the law of attorney-client privilege of Pennsylvania and that of Illinois. Under Pennsylvania law, when an insurer funds the defense of its insured, the insurer is a co-client with the insured only if the facts of the case, "particularly how the parties interact with the joint attorneys and with each other," show that "a joint representation occurred." *CAMICO Mut. Ins. Co. v. Heffler, Radetich & Saitta, LLP*, No. CIV.A. 11-4753, 2013 WL 315716, at *2, *5 (E.D. Pa. Jan. 28, 2013) (quotation omitted). The facts of this case, that: (1) plaintiff hired Cozen after defendants' interests became adverse to plaintiff's; (2) Cozen did not represent defendants' interests with respect to the underlying suits; (3) defendants were represented by different lawyers in the underlying suits; (4) defendants did not "direct the manner, means or strategy" of Cozen's representation of plaintiff; and (5) Cozen negotiated a settlement of the underlying suits at plaintiff's "exclusive direction" (Mot. Prot. Order, Ex. E, Pearson Decl., ECF 43-5) do not establish that a joint representation occurred. Accordingly, under Pennsylvania law, plaintiff and defendants were not co-clients of Cozen.

Under Illinois law, however, an insurer is the co-client of the attorney it retains for the insured because the lawyer, by seeking to eliminate or reduce coverage, is "act[ing] for the

---

[3] Defendants suggest that Pennsylvania state courts "have not adopted a clear conflict-of-law analysis regarding attorney-client privilege . . . ." (Resp. Mot. Prot. Order, ECF 53 at 7 (citing *In re Diet Drugs*, No. MDL 1203, Civ. A. 03-20014, 2004 WL 1058160, at *2 (May 11, 2004).) We believe that Pennsylvania state courts have consistently applied the two-step analysis outlined herein. *See Thibodeau v. Comcast Corp.*, 912 A.2d 874, 886 (Pa. Super. Ct. 2006) (citing *Ratti v. Wheeling Pittsburgh Steel Corp.*, 758 A.2d 695, 702 (Pa. Super. 2000)).

mutual benefit of both the insured and the insurer." *Waste Mgmt., Inc. v. Int'l Surplus Lines Ins. Co.*, 579 N.E.2d 322, 329 (1991). Thus, if Illinois law applies, defendants are co-clients of Cozen.

Given that there is a conflict, the next step in the Pennsylvania conflict-of-laws analysis is to "analyze the governmental interests underlying the issue and determine which state has the greater interest in the application of its law to the matter at hand." *Thibodeau*, 912 A.2d at 886. In other words, the court applies "the law of the predominantly concerned jurisdiction, measuring the depth and breadth of that concern by the relevant contacts each affected jurisdiction had with . . . the policies and interests underlying the particular issue before the court." *Samuelson v. Susen*, 576 F.2d 546, 551 (3d Cir. 1978) (quotation omitted).

Defendants contend that "the contacts favor application of Illinois law" because:

> The communications at issue involve Illinois attorneys defending an insured against Illinois lawsuits arising out of an accident that occurred at property allegedly possessed by the insured in Illinois. Further, the settlement negotiations and discussions occurred in Illinois. Given that the underlying cases were in Illinois, there could be no expectation that anything other than Illinois attorney-client privilege would apply to the communications with Illinois defense counsel.

(Resp. Mot. Protective Order, ECF 53 at 9.)

The Court disagrees. The government interest at issue here is Pennsylvania's interest in protecting the attorney-client privilege of its citizens. The fact that the accident occurred in Illinois and the underlying suits were filed here has little connection to that attorney-client privilege interest. Rather, because the Pennsylvania attorney-client privilege belongs to the client, *see Haines v. Liggett Group, Inc.*, 975 F.2d 81, 90 (3d Cir. 1992), the location of the client and the place where the relationship arose seem to be the most significant contacts in this analysis. *See Super Tire Eng'g Co. v. Bandag Inc.*, 562 F. Supp. 439, 440 (E.D. Pa. 1983) (considering where the attorney-client relationship arose in an attorney-client privilege conflict-

6

of-laws analysis). Plaintiff is a citizen and resident of Pennsylvania (*see* Compl. ¶ 1), and its relationship with Cozen arose there. *See Super Tire Engineering*, 562 F. Supp. at 440 (stating that "[t]he attorney-client relationship relevant to this case arose in Iowa, the state of [the client's] corporate headquarters"). Thus, Pennsylvania has the most significant contacts to the attorney-client relationship at issue here. Moreover, the depth and breadth of Pennsylvania's concern with that relationship far outweighs any tangential concern with it that Illinois may have. Pennsylvania has a compelling interest in protecting the confidential communications of its citizens, one that it has codified in its statutes. *See* 42 Pa. Const. Stat. § 5928 ("In a civil matter counsel shall not be competent or permitted to testify to confidential communications made to him by his client, nor shall the client be compelled to disclose the same, unless in either case this privilege is waived upon the trial by the client."). Further, this suit was initially filed in Pennsylvania, and the parties have stipulated that Pennsylvania's law governs its substantive claims and defenses. Given the circumstances, the fact that this case landed in Illinois as a matter of federal procedure does not vitiate Pennsylvania's substantial interest in protecting plaintiff's confidential relationship with its counsel.

In sum, defendants have not demonstrated that the Cozen information is relevant and thus discoverable under the current version of Rule 26. Moreover, to the extent the information has any relevance, it is subject to the attorney-client privilege under the law of Pennsylvania, which governs this dispute.

## Conclusion

For the reasons set forth above, the Court construes movants' motion for a protective order [43] as a motion to quash defendants' subpoena to Cozen O'Connor and grants the motion.

**SO ORDERED.**     **ENTERED:  January 8, 2018**


_____
**M. David Weisman**
**United States Magistrate Judge**